In re ROSSELL.

(Supreme Court, Appellate Division, Third Department.   September 26, 1907.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING AND SETTLEMENT—EVI-
   DENCE.
       Evidence *held* not to show that a legacy payable to an executrix was
   in the hands of her coexecutor at the time of his death, and hence the
   same was improperly charged to his estate.
       [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and
   Administrators, § 2177.]

2 COURTS—PROBATE COURTS—APPEALS—QUESTIONS OF FACT.
       Under the express provisions of Code Civ Proc. § 2586, where an ap-
   peal is taken on the facts from a Surrogate's Court, the appellate court
   has the same power to decide the questions of fact the surrogate had.

Appeal from Surrogate's Court, Sullivan County.

Separate proceedings having been instituted for an accounting by
the personal representatives of the deceased executors of Elizabeth
Gamble, deceased, thereafter such proceedings were consolidated, and
from the decree therein entered George W Gamble and others appeal.
Modified and affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCH-
RANE, and SEWELL, JJ.

D. S. Hill and F. S. Anderson, for appellants.

Smith & Tomlinson (Henry Willis Smith, of counsel), for re-
spondents.

COCHRANE, J.   Elizabeth Gamble died in 1897, leaving a last
will and testament which was duly admitted to probate, and wherein
were nominated as executors her husband, John Gamble, and her
daughter, Sarah J. Rossell.  These executors duly qualified, but have
filed no inventory, and their accounts as executors were never judi-
cially settled.   Sarah J. Rossell died in June, 1904, and her husband,
Isaac S. Rossell, and James Young are the duly qualified executors of
her last will and testament.   John Gamble died in November, 1904, and
the said Isaac S. Rossell and George W. Gamble are the duly qualified
executors of his last will and testament.   George W. Gamble has also
been appointed administrator with the will annexed of the said Eliza-
beth Gamble, deceased.   Different proceedings were subsequently in-
stituted, with a view to an accounting by the representatives of the
deceased executors of said Elizabeth Gamble deceased.   Such pro-
ceedings were consolidated and resulted in the decree now under re-
view, wherein it was determined that all of the assets of the estate of
Elizabeth Gamble, deceased, were in the hands of John Gamble at the
time of his decease; that such assets in the hands of said John Gamble
amounted to $17,675.99; that the said John Gamble was entitled to
credits amounting to $1,135.45, leaving a balance in his hands at the
time of his death of $16,540.54, which his executors were directed to
pay over to the administrator with the will annexed of the said Eliza-
beth Gamble, deceased.

The will of Elizabeth Gamble was executed in the year 1892.   By
such will she only assumed to dispose of a bond and mortgage for

$10,500 known as the "McCann mortgage." She bequeathed absolutely a legacy of $2,000 to each of her executors. She bequeathed $6,000 in trust to the executors to apply the interest thereof during the life of her husband to the support of her three sons, and after the death of her husband each son was to have $2,000 absolutely. She bequeathed $500 to her executors in trust to pay the same to her granddaughter, Jennie Gamble, when she arrived at the age of 21 years; the executors to have the income thereof in the meantime. At the time of the death of the testatrix in 1897, she not only owned the McCann mortgage, but she also had deposits in various savings banks in New York City amounting in the succeeding January to $3,694.34, with all of which the estate of John Gamble has been charged herein. The McCann mortgage was subsequently paid to the executors. Five hundred dollars thereof was used to pay the legacy to Jennie Gamble. The balance of $10,000 was reinvested in a bond and mortgage taken in the name of the executors of Elizabeth Gamble, deceased, and is included in the amount with which the estate of John Gamble is charged herein. All of the interest on this mortgage investment, with the possible exception of six months' interest, is traced directly into the hands of John Gamble, and his estate has been properly charged therewith.

A more serious question arises concerning the savings banks accounts. On January 25, 1898, the two executors, by their joint receipt, drew from the Dry Dock Savings Institution $2,504.95 belonging to the estate of their testatrix. At the same time, on a receipt signed by both of the executors, there was drawn from the same bank $1,607.51, being the amount of an account in the following form: "For John Gamble, Sr., Elizabeth Gamble in trust"—which account has been treated herein as the individual account of John Gamble. On the same day, John Gamble deposited in the same bank to his individual credit $3,000, and Mrs. Rossell deposited to her individual credit $1,000. Within three days thereafter, on similar receipts, signed by both executors, there were drawn from the other savings banks the remaining deposits of the said Elizabeth Gamble, deceased, amounting to $1,189.39. At this point in the history of these savings bank accounts the record stops. If we assume that the $3,000 deposited by John Gamble to his individual credit on January 25, 1898, was made up wholly or in part of money belonging to Elizabeth Gamble, deceased, we must also make the same assumption concerning the deposit on the same day of Mrs. Rossell. And, in reference to the moneys drawn from the other banks, there is not the slightest clue as to the disposition made thereof. Looking at the matter in any aspect, it is impossible to trace all of these savings bank moneys into the hands of John Gamble, and the amount which the evidence fails to show that he actually received exceeds the legacy of $2,000 which Mrs. Rossell received under the will of her mother. As to so much of the estate concerning which the evidence is silent, we are compelled to rest entirely on the presumption arising from the situation or the probabilities suggested by the circumstances. After the death of Mrs. Rossell, John Gamble gave a receipt for certain property and papers in his possession and received by him. This receipt, however, does not purport to deal exclusively with the estate of Elizabeth Gamble, deceased. On the con-

trary, it includes matters which concededly had no reference to such estate, and it throws no light on the question with which we are now confronted. The legacy of $2,000 bequeathed to Mrs. Rossell belonged to her absolutely, and by the terms of the will was due whenever the executors chose to convert the assets into money. It is evident that they did not contemplate any judicial settlement. Nearly seven years had elapsed between her mother's death and her own death. The evidence shows that in the meantime she gave to her coexecutor individually a bond and mortgage, and paid the interest thereon. It is unreasonable to suppose that she would thus become obligated to him, and at the same time permit him to retain in his possession a legacy which was her absolute property, and to the use of which she was entitled. It was not John Gamble's duty at any time to take into his possession this $2,000 legacy, and he had no right to it to the exclusion of Mrs. Rossell. Inasmuch as it was her individual property, no presumption arises that he had it at the time of her death, seven years or thereabouts after she became entitled to it, and it is unreasonable to suppose that her husband paid it to him at the time the receipt was given after her death, nor does he claim to have done so. The decree adjudges that said $2,000 legacy of Mrs. Rossell was in the hands of John Gamble at the time of his death, and to this extent such decree is erroneous. Section 2586 of the Code of Civil Procedure empowers this court to make the decision which should have been made by the surrogate.

Said decree should therefore be modified so as to adjudge that Mrs. Rossell has received her said legacy of $2,000, and deducting said amount from the balance directed to be paid over by the executors of John Gamble, deceased, to the administrator with the will annexed of Elizabeth Gamble, deceased; and, as so modified, said decree should be affirmed, with costs to both parties payable out of the estate of said Elizabeth Gamble, deceased. All concur.